# Pittsburg and Steubenville Railroad Company's Appeal.

In a distribution by auditors of a fund assigned for the benefit of creditors, a judgment recovered against the assignor in a suit commenced after the assignment, upon a claim which the record shows existed before, is *prima facie* entitled to a dividend.

APPEAL from the Court of Common Pleas of *Alleghany County*.

In 1852 Wm. Larimer, Jr., subscribed one hundred shares to the stock of the Pittsburg and Steubenville Railroad Company. He paid the first instalment, $500. On the 6th of January, 1855, he made an assignment. On the 13th of August, 1855, a judgment was rendered against him for the balance due on said stock, and the penalty of one per cent. per month allowed by law for the non-payment of instalments. The auditors appointed to report on the distribution of the fund in hands of Larimer's assignee, allowed a dividend to the company on the principal sum, but not on the penalty. The exception taken to this was overruled by the court, which is assigned for error. The points raised will appear from the opinion.

*Jas. S. Craft*, for appellants.

*Jno. N. M'Clowry*, for appellee.

The opinion of the court was delivered by

STRONG, J.—The judgment, though recovered after the date of the assignment, established as against the assignor, not only that the sum of $4,500 was due to appellants, at the date of assignment, but that twelve per cent. interest upon that sum from February 1st, 1853, was also due. The auditors, however, allowed a dividend only upon the principal, because, as they say, "There was not sufficient evidence before them to satisfy them that" the company "was in a condition to claim the interest." If by this it be intended that there was not sufficient

[Cooper et al. *v*. Bickford.]

evidence that calls for the instalments of the stock subscription had been made, it is difficult to discover upon what principle a dividend was allowed upon the $4,500 itself. That was no more a debt entitled to a distributive share until the calls were made, than was the twelve per cent. interest. If then the judgment was sufficient to establish that calls had been made for the instalments of the stock subscription, it was equally so to conclude the liability for interest upon those instalments.

But this was a question of distribution. The inquiry is not therefore whether the assignee was privy to the judgment obtained against Larimer after the assignment. Whether the judgment was conclusive upon the assignee or not, as to all the matters adjudicated in it, is quite immaterial. It was conclusive upon the auditors, as well as upon the defendant. The distributees might have attacked it by showing fraud or collusion, but this was not attempted. Is then a judgment, recovered against an assignor after his assignment, *prima facie* evidence of the facts which it adjudicates, as against the creditors who take under the assignment? To this there can be but one answer given, and that is an affirmative one.

As this case appeared before the auditors, therefore, the appellants were as much entitled to a dividend upon the interest on their claim as they were to a dividend upon the principal.

The decree of the court below must therefore be reversed. In order, however, not to disturb the distribution already made, and delay the payment of the dividends, it is ordered and decreed that the assignee pay to the appellants, in addition to the sum decreed to them by the Court of Common Pleas, the sum of $208 90, and that he be credited with said sum in his next account.